UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TWIN ASSETS LLC<br>1900 L Street, NW, Suite 609<br>Washington, D.C. 20036<br><br>CURTIS OFORI<br>1900 L Street, NW, Suite 609<br>Washington, D.C. 20036<br><br>OTIS OFORI<br>1900 L Street, NW, Suite 609<br>Washington, D.C. 20036<br><br>     Plaintiffs,<br><br>    v.<br><br>DR. BEN S. CARSON, SR.,<br>in his official capacity as Secretary and<br>Head of the United States Department of Housing<br>and Urban Development<br><br>Serve: The Associate General Counsel for Litigation<br>   U.S. Department of Housing and Urban Development<br>   451 Seventh Street, S.W.<br>   Washington, D.C.  20410<br><br>     Defendant. | Case No. 1:17-CV-00402 |

Plaintiffs Twin Assets LLC ("Twin Assets or the "Company"), Otis Ofori, and Curtis Ofori, by and through counsel, bring this action against Defendant Dr. Ben S. Carson, Sr. in his official capacity as Secretary and Head of the United States Department of Housing and Urban Development ("HUD") and, in support of which, state as follows:

## I.      JURISDICTION

1.      This action seeks review of, and declaratory and injunctive relief from, the decision of HUD to debar Plaintiffs pursuant to 2 C.F.R. Part 180 and is filed pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 *et seq.*, and 28 U.S.C. § 2201 and 2202.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.      PARTIES

3.      Twin Assets is a D.C. corporation and was an offeror on a HUD procurement.

4.      Plaintiff Curtis Ofori is a co-owner of Twin Assets.

5.      Plaintiff Otis Ofori is a co-owner of Twin Assets.

6.      Defendant Dr. Ben S. Carson, Sr., is named in his official capacity as the Secretary of HUD.

## III.      FACTS

### A.    TWIN ASSETS BID

7.      On September 23, 2014, Curtis Ofori and Otis Ofori submitted a bid to HUD on behalf of Twin Assets.

8.      The bid included a responsibility matters certification ("Certification") in which Plaintiffs were required to state whether they had been debarred or were proposed for debarment.

9.      The Certification also required Plaintiffs to immediately update their response if, at any time before contract award, the response became untrue as a result of changed circumstances.

10.      At the time they made the bid, Plaintiffs correctly certified that they had not been debarred or proposed for debarment.

11.      On April 13, 2015 Curtis Ofori and Otis Ofori were proposed for debarment in a separate proceeding ("Initial Debarment Action").

12.     On May 14, 2015, Plaintiffs bid on the HUD procurement expired of its own terms.

13.     On August 25, 2015, HUD informed Curtis Ofori and Otis Ofori that their bid was not accepted.

14.     On September 25, 2015 HUD awarded the contract to another offeror.

**B.     TWIN ASSETS DEBARMENT PROCEEDINGS**

15.     HUD nevertheless proposed Plaintiffs for debarment on October 21, 2015 for failing to immediately update the Certification after they were proposed for debarment in April 2015.

16.     Plaintiffs filed a motion requesting that the proceedings be referred to a hearing officer for a fact-finding on whether Plaintiffs' conduct was willful as HUD alleged. The motion was denied.

17.     HUD conducted an informal debarment hearing on May 10, 2016.

18.     At the Hearing, Plaintiffs were prohibited from raising certain arguments, including the arguments that the debarment proceedings were initiated as a result of personal animus, bias, and bad faith on the part of certain HUD officials.

19.     Plaintiffs were permitted to raise certain defenses at the hearing. Among them was that the requirement that Plaintiffs immediately update the Certification was vague and ambiguous in light of the fact that HUD has defined the term "immediately" in various ways in its various Mortgagee Letters and handbooks.

20.     The Debarring Official ultimately rejected this argument by simply adopting the dictionary definition of the term without addressing HUD's inconsistent use of the term in its regulations.

Case 1:17-cv-00402-RMC   Document 1   Filed 03/06/17   Page 4 of 6

21.     The Debarring Official debarred Plaintiffs on January 3, 2017 for a period of eighteen months.

22.     Debarring Plaintiffs will cause them significant irreparable harm including but not limited to damage to their professional reputations and the inability to pursue their livelihoods as government contractors.

## COUNT I
### (Violation of 5 U.S.C. § 706(2))

23.     Plaintiffs incorporate herein by reference every allegation previously stated.

24.     For the reasons set forth herein, the Debarring Official's Determination and HUD's debarment of each Plaintiff pursuant thereto, was and is in violation of 5 U.S.C. § 706(2), including that provision's prohibition of agency action which is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

25.     As a result of HUD's wrongful actions, Plaintiffs have suffered the injuries and damages described above.

## COUNT II
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201 & 2202)

26.     Plaintiffs incorporate herein by reference every allegation previously stated.

27.     For the reasons set forth herein, and for such other reasons as this Court deems just and proper, the Court should declare that the Debarring Official's Determination and HUD's debarment of each Plaintiff pursuant thereto, was and is in violation of 5 U.S.C. § 706(2).

## COUNT III
### (Injunctive Relief pursuant to Civil Rule 65
### and/or Stay of Agency Action pursuant to 5 U.S.C. § 705)

28.     Plaintiffs incorporate herein by reference every allegation previously stated.

29.     Plaintiffs have demonstrated a likelihood of success on the merits, and that they are likely to suffer irreparable harm. As a direct and proximate result of HUD's wrongful debarment, Plaintiffs have suffered personal and professional injuries, and will continue to do so while the debarment remains in effect. This harm is immediate and ongoing, and Plaintiffs have no adequate remedy at law. The balance of equities weighs in favor of providing immediate injunctive relief to Plaintiffs.

30.     For these same reasons, Plaintiffs alternatively are entitled to a stay of HUD's debarment pursuant to 5 U.S.C. § 705.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs O&A and Mr. Ofori pray that this Court enter judgment on their behalf against Defendant HUD, and:

(a)     find and hold that Defendant's debarment of each Plaintiff violated 5 U.S.C. § 706;

(b)     preliminarily and permanently enjoin Defendant from enforcing the debarment of each Plaintiff, or from taking any other act pursuant to the Debarring Official's Determination;

(c)     declare that the findings and conclusions set forth in the Debarring Official's Determination, and all actions taken by Defendant to implement that Determination, including any and all actions to debar each Plaintiff, are null and void and of no force and effect;

(d)     order the United States to pay the costs and attorneys' fees incurred by Plaintiffs in pursuing this action, including any payment which they may be entitled to under the Equal Access to Justice Act, and any further damages to which they may be entitled arising from the unlawful debarment; and

(e)      grant such other and further relief the Court deems equitable, just and proper.

Respectfully submitted,

/s/ *Theodore R. Flo*
Constantinos G. Panagopoulos (Bar No. 430932)
Theodore R. Flo (Bar No. 979374)
Ballard Spahr LLP
1909 K. Street NW, 12th floor
Washington, D.C.  20006
Phone:  (202) 661-2200
Fax:  (202) 661-2299
cgp@ballardspahr.com
flot@ballardspahr.com

Dated: March 6, 2017                    *Attorneys for Plaintiffs*